ORIGINAL

ce VER
pind

RICHARD L HOLCOMB (HI Bar No. 9177)
JUSTIN A. BRACKETT (HI Bar No. 9954)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI 96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com
Email: justinbrackettlaw@gmail.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 02 2013

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DALLEN PALEKA, | ) |
| | ) CASE NO. CV13 00661 LEK RLP |
| Plaintiff, | ) |
| vs. | ) |
| | ) COMPLAINT FOR DAMAGES |
| | ) DECLARATORY AND INJUNCTIVE |
| REVENUE CYCLE MANAGEMENT, | ) RELIEF with VERIFICATION |
| LLC | ) |
| d/b/a REVENUE CYCLE | ) |
| MANAGEMENT | ) JURY TRIAL REQUESTED |
| OF HAWAII | ) |
| Defendant. | ) |
| | ) |
| | ) |

1

## COMPLAINT

### INTRODUCTION

1.     This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and the Telephone Consumer Protection Act, 47 U.S.C. §§ 153 et seq.

### JURISDICTION

2.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. §§ 153 and 28 U.S.C. § 1331 (federal question jurisdiction).

3.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ( "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"), and out of the invasions of Plaintiff's personal and financial privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

4.     Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here, and Plaintiff resides here.

2

## **PARTIES**

5.     Plaintiff, Dallen Paleka (hereinafter referred to as "Plaintiff" and/or "Dallen"), is a resident of this State, District and Division who is authorized by law to bring this action.

6.     Defendant REVENUE CYCLE MANAGEMENT, LLC D/B/A RCM OF HAWAII (hereinafter referred to as "Defendant" or "RCM") is a Hawai'i for-profit corporation with its principal office located in Honolulu, HI that regularly conducts business in the State of Hawai'i.

7.     Defendant may be served by personal service upon its registered agent, to wit:   Revenue Cycle Management, LLC c/o Noa Char, 3221 Waialae Avenue, Suite 338, Honolulu, HI 96816.

8.     Other Defendants may be discovered in the course of litigation, and Dallen Paleka respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## **FACTS**

9.     Defendant uses mail in its business.

10.     Defendant makes telephone calls in the course of its business.

11.     The primary purpose of Defendant's business is the collection of debts.

3

12.     Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

13.     Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act and the Hawai'i Revised Statutes.

14.     Defendant alleges that Dallen's son, Justen Paleka (hereinafter "Justen"), incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1.

15.     Dallen Paleka is not currently, nor was he ever, a party to the underlying debt.

16.     Justen's alleged debt was sold or otherwise transferred to Defendant for collection from Justen, when thereafter Dallen received collection communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

17.     Defendant's representatives harassed Dallen by making incessant telephone calls to Dallen's cellular telephone in an attempt to collect the debt.

18.     In the course of attempting to collect a debt allegedly due from Justen

4

to a business who is not a party to this litigation, Defendant initiated multiple communications that violated multiple provisions the FDCPA and the TCPA.

### *Collection Calls to Justen Paleka's Father*

19.     As previously explained, Dallen is not a co-signer on the underlying account.

20.     Neither Justen nor Dallen ever provided Dallen's cellular telephone number to the original creditor or Defendant.

21.     Defendant, and the collectors employed by Defendant, repeatedly and willfully contacted Justen Paleka's father, Dallen Paleka, on his cellular telephone number in an effort to collect the debt allegedly owed by Justen Paleka.  These calls were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22.     Within the two years prior to the filing of this complaint, Defendant called Dallen's cellular telephone multiple times and left multiple voicemails.

23.     Dallen received at least 25 (twenty-five) calls from Defendant to his cellular telephone.  These calls were placed by Defendant and received by Dallen on the dates of June 18, 2012, July 3, 2012, August 14, 2013, August 16, 2013, and August 22, 2013.

5

24.     On or around September 1, 2013, Dallen spoke with a representative of Defendant.

25.     When Dallen spoke with Defendant's representative he explained that his cellular telephone number was not that of Justen Paleka.  He then requested Defendant never call that cellular telephone number again.

26.     In spite of now knowing Dallen's identification and being requestd by him to cease all future calls to his cellular telephone, Defendant called Dallen again on September 13, 2013, September 17, 2013, September 19, 2013, September 24, 2013, September 26, 2013, October 5, 2013, October 8, 2013, October 10, 2013, October 12, 2013, October 14, 2013, October 16, 2013, October 19, 2013, October 21, 2013, October 23, 2013, October 28, 2013, October 30, 2013, November 1, 2013, November 3, 2013, and November 5, 2013.

27.     In the calls, Defendant's automated system immediately advises Dallen to hang up if he is not Justen Paleka, effectively insuring that his name will **not** be placed on Defendant's "Do Not Call" register.

28.     These directions by Defendant to Dallen, *i.e.* instructing Dallen to hang up, has seemingly provided Defendant the opportunity to call Dallen time and time again.  The only other option would be for Dallen to listen to the entirety of the call, effectively disclosing to Dallen, a third party, that a debt collector is

6

attempting to collect a debt from Justen Paleka.

29.    This effectively assures Defendant that it can call Dallen time and time again.

30.    Alternatively, if Dallen were to listen to the entirety of the message, then it effectively assures a violation of the FDCPA as the message discloses private information, *i.e.* that a debt collector is attempting to collect a debt from Justen Paleka, to a third party who they told to hang up.

31.    This makes Dallen doomed to further harassing calls if he doesn't listen and Defendant doomed to committing an FDCPA violation if he does.

32.    Dallen has electronically saved many of these telephone calls as they were left on his cellular telephone's voicemail.

33.    Many of the messages left by Defendant were in violation of the FDCPA and the TCPA.  The phone messages left by the Defendant include, but are not limited to, the following:

34.    Defendant's automated system leaves a message stating it is a debt collector and the call is an attempt to collect a debt.

35.    In all of the calls Defendant's automated system leaves a message stating that it is RCM of Hawai'i.

36.    Defendant's automated system leaves a message stating that they can

7

be reached at "808-447-3232."

37.    The calls from Defendant routinely appear on Dallen's caller identification as originating from "808-737-6982" or "808-447-3232".

38.    Dallen is informed, and therefore asserts, that the telephone number 808-447-3232 is a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

39.    Dallen is also informed, and therefore asserts, that the telephone number 808-737-6982 is also a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

40.    Neither Justen nor Dallen have ever received a notice pursuant to 15 U.S.C. §1692g from Defendant.

41.    Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF THE
### TELEPHONE CONUMER PROTECTION ACT

#### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT:
#### CALLS TO A PERSON'S CELLULAR TELEPHONE WITHOUT PERMISSION

42.    At all times relevant to this complaint, the Plaintiff was and still is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

43.     Upon information and belief, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

44.     Defendant, at all times relevant to the complaint herein, engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

45.     Defendant engages in "interstate communications" pursuant to the TCPA 47 U.S.C. § 153(22).

46.     Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

47.     At all times relevant to this complaint, the Defendant has used, controlled, and/or operated "automatic telephone dialing system(s)" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

48.     The TCPA prohibits the use of an "automatic telephone dialing system" when calling to a cellular telephone service. See 47 U.S.C. § 227(b)(1)(A).

### *Illegal Auto-Dialed Collection Calls*

49.     Within the two year period immediately preceding the filing of this lawsuit, Defendant telephoned Dallen's cellular telephone on at least 25 (twenty-five) occasions using an automatic dialing system.

9

50.     None of these calls was for an emergency purpose, but instead were attempts to collect a consumer debt from Dallen.

51.     Dallen never gave permission for either the original creditor or any debt collector to call his cellular telephone number.

52.     Dallen never provided this number to the original creditor or to Defendant, and therefore he is concerned as to how Defendant obtained this cellular telephone number.

53.     Defendant and its collectors repeatedly called Dallen on his cellular telephone while using an automatic telephone dialing system.

54.     Dallen was harassed by Defendant whereby he received at least twenty-five auto-dialed collection calls from Defendant on his cellular telephone.

55.     Defendant used its automatic telephone to incessantly call Dallen, especially in the months leading up to the filing of this lawsuit. Defendant called Dallen at least five times in September, 2013 and at least eleven times in October, 2013.

56.     During many of these calls Defendant left messages on Dallen's voicemail.

10

57.     Defendant violated Dallen's right to privacy and committed an intrusion upon his seclusion when it called his cellular telephone number without first obtaining consent to call said number.

58.     On or before September 1, 2013, Dallen spoke with a representative of Defendant, informed Defendant that he was not Justen Paleka, and requested Defendant never call that cellular telephone number again.

59.     Defendant continued to use it automatic telephone dialing system to call Dallen after he informed them that he was not Justen and requested that they stop. This demonstrates that these calls were willful and intentional.

60.     Defendant willfully and knowingly violated the TCPA on at least 19 (nineteen) occasions.

## *COUNT TWO:  VIOLATIONS OF THE*
## *FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
### UNAUTHORIZED CONTACT BY DEFENDANT TO THIRD PARTIES

61.     The acts of Defendant constitute multiple violations of the FDCPA. Violations by Defendant of the FDCPA include, but are not limited to, the following:   Communicating with any person other than the consumer for any purpose other than the acquisition of location information about the consumer, which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc.

11

62.    Defendant attempted to contact Justen Paleka on Dallen's cellular telephone on several occasions.  These messages were heard by Dallen, who is not a party to the underlying account.

63.    Consequently, Defendant communicated with a third party, Dallen, when attempting to collect a debt from Justen.  The FDCPA forbids a debt collector from communicating with any third parties except under limited circumstances not present here.

64.    In Defendant's various phone calls, Defendant never attempted to confirm or correct Justen's location information.

65.    Without the prior consent of the consumer given directly to Defendant, it may not communicate with any other person in connection with the collection of the debt, except Justen, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

66.    Defendant communicated with a third party on at least twenty-five separate occasions.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:  HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

67.    The acts of Defendant constitute multiple violations of the FDCPA.

12

Violations by Defendant of the FDCPA include, but are not limited to, the following: Any conduct the natural consequence of which is to harass, oppress or abuse any person, which is a violation of 15 U.S.C. § 1692d.

68.     In spite of Dallen's conversation with Defendant's representative earlier this year wherein he explained that he was not Justen Paleka and requested that Defendant stop calling him, they have continued to have their automated dialer call Dallen, often several times each week.

69.     Defendant's collection calls to Dallen are to his cellular telephone number.

70.     Defendant's collection calls to Dallen are numerous, repetitive, and exceptionally annoying.

71.     The volume of the calls placed to Dallen by Defendant in its attempts to collect a debt is conduct that rises to the level of harassment, oppression and/or abuse, and is in violation of the FDCPA.

72.     The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must be truthful, honest and show respect to the debtor.

73.     The collection attempts by the Defendant in its various telephone calls, voicemails, and messages left for Dallen Paleka are attempts to harass, oppress or otherwise abuse Justen Paleka into payment of a debt.

13

74.   The purpose of FDCPA is the prevention of these types of overreaching collection tactics and means and Defendant's conduct is unacceptable.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FAILURE TO PROVIDE REQUISITE DISCLOSURES IN ITS ATTEMPTS TO COLLECT A DEBT, AS REQUIRED BY 15 U.S.C. § 1692g

75.   The acts of Defendant constitute violations of the FDCPA.  Violations of the FDCPA by the Defendant include, but are not limited to, the following:  The failure to send the consumer a thirty-day validation notice within five days of the initial communication, which is a violation of 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

76.   Defendant called Dallen Paleka numerous times since January 1, 2013, but neither Justen nor Dallen have ever received any of the requisite notices pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), or 1692g(a)(5).

77.   Defendant has never provided any validation of the debt or informed Justen of his rights to dispute the debt.

78.   Defendant's collection tactics of calling Dallen repeatedly before sending the requisite notices pursuant to 15 U.S.C. §§ 1692g-g(a)(5) and before ever validating the debt, were overshadowing of the disclosures required by 15

U.S.C. §1692g(a).

79.    The procedures maintained (i.e., actually employed or implemented) by Defendant, if any, to avoid errors under the FDCPA, failed to protect the rights of Justen Paleka when the representatives of Defendant failed to provide numerous required disclosures pursuant to 15 U.S.C. §§ 1692g, 1692g(a)(1), 1692g(a)(2), 1692g(a)(3), 1692g(a)(4), and 1692g(a)(5).

### FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: CAUSING A TELEPHONE TO RING REPEATEDLY

80.    The acts of Defendant constitute violations of the FDCPA. Violations by the Defendant of the FDCPA include, but are not limited to, the following: Causing Dallen's cellular telephone to ring repeatedly or continuously with intent to harass, annoy or abuse him and/or Justen, which is a violation of 15 U.S.C. §1692d(5).

81.    Dallen Paleka has received an extraordinary number of calls from Defendant's representatives since December 1, 2012.

82.    These repeated calls by Defendant are a form of harassment intended by Defendant to elicit shame and annoyance from Justen Paleka and/or Dallen Paleka, and force one of them to pay an unvalidated debt.

## COUNT THREE:  INTRUSIONS UPON PLAINTIFF'S SECLUSION AND VIOLATIONS OF HIS RIGHT TO PRIVACY

83.    Defendant violated Justen Paleka's right to privacy and committed an intrusion upon his seclusion when it called his father's cellular telephone number without first obtaining consent to call said number.

84.    Furthermore, Defendant also violated Dallen's right to privacy and committed an intrusion upon his seclusion when it called his cellular telephone number on a debt that he did not even owe and without first obtaining consent to call said number.

### Summary

85.    The above-detailed conduct by Defendant and its agents in connection with collection of a consumer debt, was conduct in violation of numerous and multiple provisions of the TCPA and FDCPA including, but not limited to, the above-cited provisions.

86.    Defendant is therefore liable to Dallen Paleka for at least 5 negligent acts, errors and/or omissions committed in violation of the Telephone Consumer Protection Act as well as the 19 willful and knowing violations of the TCPA by its collection employees.

87.    Defendant is also liable to Dallen Paleka for its intentional and negligent acts, errors and/or omissions committed in violation of various federal laws by its

collection employees which include, but are not limited to, violations of the FDCPA, invasions of Dallen's privacy, and intrusion upon his seclusion.

88.     As a result of Defendant's actions, Dallen Paleka is entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## TRIAL BY JURY

89.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant and in favor of the Plaintiff as follows:

a)     Declaratory judgment that Defendant violated Dallen Paleka's rights under the Telephone Consumer Protection Act;

b)     That Plaintiff be awarded statutory damages of $500.00 per call for each negligent violation of the Telephone Consumer Protection Act pursuant to 47 U.S.C. §227(b)(3)(B).

c)     That Plaintiff be awarded statutory damages of $1,500.00 per call for each call found to be an willful and/or knowing violation of the Telephone Consumer Protection Act pursuant to 47 U.S.C. §227(b)(3)(C).

17

d)    Declaratory judgment that Defendant violated Dallen Paleka's rights under the Fair Debt Collection Practices Act;

e)    That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

f)    That Plaintiff be awarded statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2);

g)    That Plaintiff be awarded the costs of litigation, including a reasonable attorney fee, pursuant to 15 U.S.C. §1692k(a)(3);

h)    That the Court declare all defenses raised by Defendant to be insufficient; and

i)    Such other and further relief, as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the 2th day of _____December_____, 2013.

Richard L. Holcomb, #9177
Justin A. Brackett, #9954
Attorneys for Plaintiff
1136 Union Mall, Suite 808
Honolulu, TN 96813
(808) 545-4040
rholcomblaw@live.com

18